UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO:

PORT EVERGLADES TERMINAL, LLC.,

 Plaintiff,

vs.

SOUTH FLORIDA TRUCKERS ASSOCIATION LLC.
SOUTH FLORIDA INDEPENDENT TRUCKERS ASSOCIATION INC.,
ACE TRANSPORT MIAMI LLC, LOGICAL TRUCKING, INC.,
PALMETTO TRANSPORT, INC., DELTA TRUCKING, INC.
and UNIDENTIFIED CO-CONSPIRATORS,

 Defendants.

_____/

## COMPLAINT FOR ANTITRUST VIOLATIONS

Plaintiff PORT EVERGLADES TERMINAL LLC ("PET") brings this action for injunctive relief and damages against the above-named / described Defendants SOUTH FLORIDA TRUCKERS ASSOCIATION LLC., SOUTH FLORIDA INDEPENDENT TRUCKERS ASSOCIATION INC., ACE TRANSPORT MIAMI LLC, LOGICAL TRUCKING, INC., PALMETTO TRANSPORT, INC., DELTA TRUCKING, INC. and UNIDENTIFIED CO-CONSPIRATORS (hereinafter "Defendants") under Federal Rule of Civil Procedure 65 and the antitrust laws of the United States, as follows:

## BACKGROUND

1. This action arises out of a concerted action among the Defendants, the purpose of which is to boycott trucking services providing for the movement of containerized cargo in and out of Plaintiff's ocean shipping terminal at Port Everglades.

2. This case is analogous to *Miami-Dade County v. Support Trucking Group, Inc., et. al.*, Case No. 04-21687-CIV-SEITZ-BANDSTRA, and a more recent boycott of the Port of Miami Terminal Operating Company ("POMTOC") in 2017-2018, which also involved Defendants SOUTH

FLORIDA TRUCKERS ASSOCIATION ("SFTA") and ACE TRANSPORTATION INC. ("ATI") and other trucking companies who boycotted and disrupted trucking services at the Port of Miami.

3. The Defendants' conspiracy will slow or stop the movement of goods in and out of Plaintiff's shipping terminal at Port Everglades through illegal boycotting. The conspiracy has included but is not limited to communications to the Shipping Industry calling all truckers to stop servicing Plaintiffs terminal in Port Everglades.

4. Unless enjoined, the conspiracy threatens to irreparably harm PET, its employees, cargo owners and the entire South Florida shipping community.

## JURISDICTION AND VENUE

5. Plaintiff brings this action under Sections 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1 and 2, Sections 4 and 16 of the Clayton Act, 15 U.S.C. §§ 15 and 26 to obtain injunctive relief and to recover damages and the costs of suit, including reasonable attorneys' fees, against Defendants for the injuries threatened and for the injuries sustained by Plaintiff by reasons of Defendants' violations of the Sherman Act.

6. This Court has jurisdiction over this claim pursuant to 28 U.S.C. § 1337 and  15 U.S.C. §§ 1, 15, 22 and 26.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), (d) and 15 U.S.C. §§ 15, 22 and 26.

## PARTIES

8. PET is a Florida corporation, with Corporate Headquarters located at 2541 SW 27th Avenue, Miami, FL 33133, operating an ocean shipping terminal within the confines of Port Everglades, Florida.

2

9. SOUTH FLORIDA TRUCKERS ASSOCIATION LLC. (SFTA) is upon information and belief, an entity created by the trucking company owners to advance their agenda and goals which represents most if not all of the largest independent trucking companies operating in South Florida. Rudy Alvarez the principle of Ace Transport Miami LLC. is listed as a Member of South Florida Truckers Association LLC. (See attached report from the Secretary of the State of Florida, Exhibit A).

10. SOUTH FLORIDA INDEPENDENT TRUCKERS ASSOCIATION INC. (SFITA) is upon information and belief an entity created by certain individuals, unknown to this Plaintiff, to advance their agenda and goals and represent some element of the South Florida trucking community.  This entity was formed on July 13, 2018. (See attached report from the Secretary of the State of Florida, Exhibit B).

11. Defendant LOGICAL TRUCKING INC. (LTI) is a Florida corporation with its principal place of business located in Miami Dade County, Florida and operates trucks moving cargo to and receiving cargo from PET's facility in Port Everglades in international trade.  That the principles of Logical have colluded with others to support the boycott.

12. Defendant PALMETTO TRANSPORT INC. (PTI) is a Florida corporation with its principal place of business located in Miami Dade County, Florida and operates trucks moving cargo to and receiving cargo from PET's facility in Port Everglades in international trade.  That the principles of PTI have colluded with others to support the boycott.

13. Defendant DELTA TRUCKING INC. (DTI) is a Florida corporation with its principal place of business located in Miami Dade County, Florida and operates trucks moving cargo to and receiving cargo from PET's facility in Port Everglades in international trade.  That the principles of DTI have colluded with others to support the boycott.

14. Defendant ACE TRANSPORT MIAMI LLC. (ACE) is a Florida Limited Liability Company with its principal place of business located in Miami Dade County, Florida, and is contracted to haul containerized cargo to and from PET's shipping terminal in international trade, including locations in Florida and other sites in the United States.

15. ACE is one of the largest independently owned and operated trucking company servicing the South Florida Community and PET.  Upon information and belief, ACE has under its operation and control over 100 drivers providing trucking services.  Rodolfo "Rudy" Alvarez is the Managing General Partner of ACE.  On June 26, 2018, Mr. Alvarez published an email via the internet, to the entire South Florida Trucking Community stating his intentions to boycott services at PET as of August 1, 2018, unless his demands as set forth in the email were agreed to by PET. (See June 21, 2018 email from Rudy Alvarez attached hereto as Exhibit C).  This email was ultimately directed to one of PET's largest customer/client Maersk who contacted PET inquiring about the intended boycott.

16. The Defendants have expressed their intent to combine with one another and others to withhold and restrain trucking services, the results of which will effectively shut down PET's terminal operations at Port Everglades.

17. The co-conspirators are unknown persons who have or will combine and conspire with Defendants to boycott PET with the purpose and effect of restraining trade as described herein as evidenced by the attached Flyer a copy of which was secured by an employee of PET after being handed out in Port Everglades as evidence of a general call for the boycott of PET's facility consistent with Mr. Alvarez demand. (Exhibit D, with translation thereof).

## FACTS

18. Export cargo is loaded on ships from PET's shipping terminal at Port Everglades and import cargo discharged from ships at PET's shipping terminal is on a daily basis delivered to and removed

4

from the Plaintiff's terminal by truckers, hired to deliver and pick up the containerized cargo and transport it as instructed by the cargo owners, their agents or representatives.

19. Most of the export and import cargo located in PET's terminal is delivered to and picked up and carried from the terminal by non-union trucking companies such as ACE, LTI, PTI and DTI, and others who are not affiliated with any recognized labor union.

20. Defendants ACE, along with PTI, DTI and others previously organized a boycott of a port terminal in Miami.  Starting on or about Nov. 27, 2017, Defendants ACE, PTI, DTI and others formed an informal association, which combined and conspired to boycott and prevent the removal of import containers from POMTOC's terminal located at the Port of Miami. These Defendants are now seeking to conspire with one another to similarly boycott PET.

21. Defendants have communicated with each other over means of interstate communications and entered into a conspiracy or agreement to shut or slow down PET's operation unless their demands were met. As further evidence of the Defendants intention, on July 17, 2018, Attorney Brian K. Mathis counsel for SFITA and upon information and belief the other Defendants as well, forwarded an email to the undersigned counsel including a copy of a Service Agreement which these Defendants required that PET sign or else, and as clearly stated in the email in absence of PET capitulating to these demands:

   "We are facing a short deadline of August 1st.  Based on our internal discussions, I do not believe that less than a written Service Agreement will avoid the scheduled boycott of PET".  (See, Exhibit E email from Brian Mathis with attached Service Agreement).

22. In furtherance of their illegal actions, Defendants have conspired to withhold their services at PET, and upon information and belief, will engage in and threaten other truckers with harm or damage to their property, if others do not also boycott PET's operation.

23. Boycotters regularly engage in activities involving the physical blocking and obstruction of trucks attempting to transport containerized cargo and many times include the use of physical violence, threats, duress, and intimidation of non-boycotting truckers and importers in order to keep them from removing containerized cargo.

24. The Defendants intend to engage in an unlawful group boycott and concerted actions using threats of violence and intimidation, the purpose of which is to coerce PET to comply with their collective demands regarding the haulage of containerized cargo to and from PET's terminal at Port Everglades.  Among their economic demands is the termination of a weight scale fee of $18.00 per container which has been in existence at PET since 2004 and is charged to the trucking companies.  A PET revenue stream which is a material to PET's overall business operations.

25. The Defendants have illegally banded together for the purpose of enforcing their boycott.

26. POMTOC experienced severe disruptions in its business operations as a result of the illegal actions of the same group resulting from their boycott. PET will experience the same severe disruptions and suffer significant financial losses, if the Defendants are not enjoined from pursuing their illegal boycott of PET.

## INJURY THAT WILL RESULT FROM THE THREATENED BOYCOTT

27. This combination and conspiracy threatens the following effects, among others;

a. PET's shipping terminal will be effectively shut down or at the very least severely disrupted in the movement of cargo in and out of the terminal by truck, causing daily economic injury and threatening additional injury to PET, its employees, agents, and customers;

b. Consumers of trucking service will lose revenue and be deprived of free and open competition in the purchase of trucking services out of PET's shipping terminal;

c. The entire South Florida shipping community will be negatively impacted by this illegal boycott as cargo which moves freely on a daily basis in and out of the PET terminal will be held hostage

at PET terminal to this boycott;

d. Competition in the sale of trucking services will be restrained unless and until this illegal conduct is enjoined.

**CLAIM FOR RELIEF**
**VIOLATION OF SHERMAN ACT AND CLAYTON ACT**

28. Plaintiff incorporates the allegations described in Paragraphs 1 through 23 above as if fully set forth herein.

29. The Defendants provide independent trucking services for the transportation of containerized cargo in and out of the Plaintiff's terminal as part of the continuous and uninterrupted flow of interstate and foreign commerce. The Defendants receive payment for their services. The Defendants' activities, and the sale of their services, have both taken place in, and have a substantial anticompetitive effect upon interstate commerce within the United States and in foreign commerce.

30. The Defendant's anticompetitive activities and their effects are in violation of both the Sherman and Clayton Acts.

31. The Defendant's anticompetitive activities threaten irreparable injury and their effects have and will continue to cause injury to the Plaintiff.

32. The Plaintiff seeks injunctive relief to prevent injury and such other relief that the law allows, and the Court deems necessary and appropriate.

**PRAYER FOR RELIEF**

A. That the unlawful combination and conspiracy alleged herein be adjudged and decreed to be an unreasonable restraint of trade or commerce and monopolization in violation of Sections 1 and 2 of the Sherman Act (15 U.S.C. §§ 1 and 2);

B. That Defendants, their officers, agents, members, employees, representatives, associates,

contractors, all others acting in concert with them, and all persons having knowledge of this Court's order be preliminarily and permanently enjoined from engaging in the unlawful combination, conspiracy and attempted monopolization alleged herein and be enjoined from:

a. Obstructing or interfering with free ingress to, egress from, or travel within PET's shipping terminal;

b. Participating in mass assemblage in or near PET's shipping terminal in such a way as to inhibit free ingress to, egress from, or travel within the shipping terminal;

c. Committing any acts of violence, coercion, intimidation, threats, or any other action which directly or indirectly has the effect of prohibiting affected employees or others from traveling to, from or within PET shipping terminal;

d. Inflicting or threatening to inflict damage or injury to the person or property of PET.

e. Threatening, intimidating, coercing, harassing, or otherwise interfering with PET, its employees or patrons and other truckers;

f. Blocking or attempting to block access to streets or roads leading to, from, or within PET's shipping terminal.

g. Disrupting, obstructing, restraining, interfering, hindering or delaying the trade and business of Plaintiff,

h. Boycotting or obtaining or attempting to boycott or otherwise obstructing, hindering and delaying the transportation and delivery operations by other public or private carriers.

i. Following, trailing, threatening, or intimidating other motor carriers, their agents or employees and all other persons transporting containerized cargo from PET's terminal and from verbally or physically hindering or preventing said persons in their use of the public streets and highways in the performance of any such work.

8

j.   Protecting, aiding, abetting, or assisting anyone in the commission of the said acts described herein.

C.   That Plaintiff recovers damages, as provided by law, determined to have been sustained by it (using such damage methodology as may be appropriate at trial), and that judgment in favor of Plaintiff be entered against Defendants;

D.   That Plaintiff recover its costs of this suit, including reasonable attorneys' fees as provided by law; and;

E.   That Plaintiff be granted such other, further and different relief as the nature of the case may require or as may be deemed just and proper by this Court including enforcement by the Broward County Sheriff's Department or by any other law enforcement agency having jurisdiction within the affected area.

Dated: July  30, 2018.

BLANCK & COOPER, P.A.
5730 S.W. 74th Street, Suite #700
Miami, Florida  33143
Phone:  (305) 663-0177
BY:_____//S// *Robert W. Blanck, Esq.*_____
Robert W. Blanck, Esq.
Florida Bar Number: 311367
Email: rblanck@shiplawusa.com
Jonathan S. Cooper, Esq.
Florida Bar Number: 99376
Email: jcooper@shiplawusa.com
Attorneys for PET

7801/Complaint